may please the court my name is Jeff Pitzer I'm here on behalf of the appellant Dwayne Straub seeking relief in this court because my client mr. Straub at the district court level was denied his right to a fair trial for two reasons number one the trial court failed to hold an evidentiary hearing in order to that would have I submit demonstrated that failing to grant immunity use immunity to key defense witness Michael Baumann distorted the I had some sympathy with the claim we speak only for ourselves we don't consult beforehand I had some sympathy with the claim because so many government witnesses got immunity seem like anybody they could use correct but testify and it was free but you had a witness he couldn't however your proffer it didn't sound to me like it wouldn't matter much all he'd say the two of them went in and ripped off another dope dealer dope dealer wound up dead and there and each one says the other one was the shooter I couldn't see where the immunized testimony matter because first of all the guy in the bar didn't overhear your perspective witness say he shot that particular dope dealer just that he shot a man right and right in the milieu that they were in I don't know if that implies the same man and the second thing is so what if he was the shooter instead of the other guy being the shooter haters and a better co-conspirators what does it matter well to respond to both the witness Michael Baumann had been in a club on some night in the winter of 2003 the shooting of Robert Garrett took place on February 8th of 2003 so in the winter of 03 Michael Baumann was in a club and he testified that or the proffer indicates that he ran into David Adams now David Adams was the key witness on the government's case on counts three and four the only person who put mr. Straub at the scene and he put the gun in mr. Straub's hand so he is the key witness and this Michael Baumann said he saw mr. Adams excuse me that night and mr. Adams was glum and sore and when asked what was the wrong what was the matter he said I just shot a man now the trial court judge said well he could have anybody but there wasn't any evidence that he shot anybody else and I think that that fact that he would say that the key the government's key witness admitted to shooting someone in the same time that he shot the the dope dealer they were stealing the inventory from other than that it was a man and it was in the same season no direct evidence but in addition to mr. Baumann would have corroborated the testimony of mr. Straub's father who testified that late that night of the shooting David Adams came to his house and he was crying and overwrought and so it's consistent with the testimony that mr. Baumann would have given but there was this particular night in the winter of 2003 when mr. Adams came into the club and he was overwrought why why does it matter how does it help Straub any because the jury does believe that the other fellow was the shooter well if the jury disbelieved David Adams and David Adams even the Mr. Adams was incredible for about eight reasons he admitted that he would have was a marijuana dealer he used drugs he engaged in home invasion robberies he was charged in another robbery at gunpoint he was a gang member he threatened to beat up his own grandmother and he lied to the police in the past he admitted and he also acknowledged that he expected to receive benefits for his testimony in this case and that's the government I'm reading from the government's brief at pages 16 and 17 and the reason it would have mattered is because mr. Baumann had he been allowed to testify that might have been the tipping point such that the jury would have concluded to disregard mr. Adams testimony altogether and essentially they and if they did that they might have thought that very convicted Straub while disregarding I thought Straub kind of convicted himself with his remarks by saying you'll never find my stash because I've got it so spread out that sort of thing well I think there was you know there's that's why we think that the counts should have been severed there was a meth you know a methamphetamine conspiracy and then there was an attempted robbery to steal marijuana from the severance matter my thought on Adams was nobody believed him from the reason fair enough and that's a very good question I think the answer you have to go to the jury instruction time to answer that question because when the when the judge went to instruct the jury he came to counts three and four and he said I'm going to skip over count three he reversed the order and he said I'm gonna make I'm gonna instruct you on count four first and this is consistent with the judges earlier comments back when they argued the motion to sever that he felt that counts three and four were only related to the meth conspiracy incidentally he felt that they were sort of their own independent crime and so when he got to counts three and four in the instructions he switched the order and he started off on count four and if you read it I'm referring to excerpt of record page 190 and if you read that he instructs count four and he does not instruct it as a conspiracy he says that you have to find first that the defendant intended to take or cause someone else to take the marijuana second that the defendant further intended that the marijuana would be third that the defendant himself knowingly and willfully did something or caused someone else to do something that was a substantial step toward the actual commission of the crime and I'm referring now to if the the jury had to find four in order to convict on three right that's the that's the instruction that's given on three is that is that finding the four is a predicate to finding out three so the jury has is going to find that mr. strobe went to he's in Garrett's house now three then only seems to focus and the question of mr. Bowman's testimony only seems to focus on who's got the gun but for in order to convict of three it doesn't it doesn't require that mr. strobe have the gun it only requires that he be there at a time when Garrett was shot well perhaps but they have found on four then what's the problem on three well on four I think that they have to find that he was there and in fact the government argued that he was the case and so the jury easily could have understood that they needed to find he was the shooter well but that's not what the instruction says oh talking to speculating about what the jury might have might have thought it and been confused it seems a little well fair enough I understand they could have it could have probably convicted either way but the reality is that they had to find guilt on count four and if they didn't they couldn't convict on count three and the fact is that if they mr. Bowman had been allowed to testify and he had told the jury and they had believed him and they had concluded that mr. Adams was the actual shooter based on when added to all of the other impeachment of mr. Adams they might have concluded that he that this discredited his testimony altogether Adams testimony places both of them that it incriminates himself but it also incriminates strobe we have other evidence that strobe was there I think it's the government that so you may as well get first yeah I don't believe there's anything but David Adams that puts him at the scene this should be victim could not identify his shooter there was some testimony that there was his car was there but when the actual owner of that car testified he said no I mean the man who saw that car said and showed a picture was shown a picture of mr. Schraub's car he said no that's not the car I saw counsel since your time is running out before you sit down suppose we were to agree with you and remand what is the district court supposed to do what are you asking for we're asking for an evidentiary hearing that the district court hold an evidentiary hearing to determine whether or not excluding mr. Baumann distorted the fact-finding process whether the jury got a fair picture of the facts without hearing from mr. Baumann thank you if you were to get an evidentiary hearing and we found that there was a distortion of facts just the whole does the whole case have to go back or only counts three and four or just count three well I think counts three and four for sure and I think because mr. mr. Adams testified to other things beyond counts three and four arguably the whole case should be retried and we asked that it would be retried in two separate trials based on the prejudice that flowed from the severance of the joiner of these two cases I'll reserve the rest of my time it please the court Kelly's used to been appearing on behalf of the United States I think the first thing that I want to point out is that the current request for an evidentiary hearing was never raised before the district court the entire colloquy between judge Panner the prosecutor and defense counsel is at er 149 to 151 that's where you will see his proffer on what he claims mr. Bauman would have said and where you see judge Panner's response none of this was raised pre-trial it came up in the middle of trial and I can tell you as a practical matter that it would have been impossible to have given mr. Bauman immunity in the midst of this trial all requests for immunity have to be referred to the Department of Justice and it takes a matter of weeks so I was commit crimes and go free as long as they help with the testimony in this case and more narrowly as long as they help with the prosecution side of the testimony in this case and on that point your honor I think I need to provide some clarification and that is that there were a lot of witnesses called in this case there were only three witnesses who were actually given immunity David Adams was only given partial immunity he was not given immunity for any crimes of violence and in fact was prosecuted convicted and sentenced before judge Mossman in May of last year for intimidating a witness so in terms of the the skewed evidentiary burden or the other the others that were given immunity another one with Lisa Clark she was one of the drug runners and I believe the third with Anita Weiland who is another drug runner I have down that Corey Smith was given youth immunity is that not right he did not testify there were another number witnesses who were given deals who were given plea agreements who were given reduced sentences but immunity was only given to three and David Adams was only given immunity for drug crimes not crimes of violence did the others get their immunity anyway even though they didn't testify or was it just use immunity if it was with informal there so in terms of the skewed here it simply wasn't present another thing that I'd like to point out in terms of what did he have to put Straub at the scene other than Adam sure there were two witnesses who also put him at the scene they were not eyewitnesses the third person that Adams testified was present we referred to as stinky and sometimes referred to as spooky nobody could find him at the time of trial but the two other witnesses that put Straub at the scene one was detective Hoskins and detective Hoskins testified that he was the one supervising Joseph Mockley who was a confidential informant in this case one week prior to the shooting of mr. Garrett and the incident which forms the basis for counts three and four detective Hoskins is listening in on a phone call between Mockley and the defendant where the defendant describes precisely what he's going to do he's going to rob a guy who's got a marijuana grow in his basement he says it's about 400 plants he says the guy lives in Portland and he's taken a gun with him and that's at ER I believe it's 130 to 137 the other witness who put Straub at the scene is Misty Dawn Day now she testifies again approximately a week before this event takes place that she is at the apartment of Sherry Wilson now Sherry Wilson is the ex-girlfriend of mr. Garrett and she doesn't like mr. Garrett at Sherry Wilson's apartment the defendants Adams and Sherry Wilson planned the home invasion robbery of mr. Garrett Sherry Wilson even draws him a picture of the house she tells them here's where you go in here's where the marijuana grow is go get him assume she skated to Misty Dawn Day she was never prosecuted the woman that set the whole thing up Wilson there's nothing in the record that anything happened to her either didn't prosecute her gave her immunity correct she was not prosecuted I don't believe there was any formal immunity agreement now these other three witnesses that put him at the scene they weren't actually at the scene it's just circumstantial evidence that a week before looked like he was planning something like this right and as I say the testimony for Misty Dawn Day was very specific it wasn't that they were planning some home invasion robbery it was that the specifically and that Sherry Wilson had a motive she was very upset with mr. Garrett I had the impression it didn't matter who was the shooter but I think in your argument at trial it did and you were making Straub the shooter and I need oh sorry why I need to clarify the portion of the record that mr. Straub sites in his brief in quoting the prosecutor's argument at closing is er 188 and in fact that's actually the prosecutor's rebuttal if you actually look at the clerk's record of the trial transcript at page 1035 you will see that mr. Hobb who actually prosecuted this case did in fact argue Pinkerton into the jury he told the jury flat-out it doesn't matter if it was Adams or if it was the defendant who was the actual shooter under the Pinkerton theory if you find that they were both there if you find that they were there to rob mr. Garrett and mr. Garrett was shot that's all that it takes so the government's argument was consistent with the jury instructions that judge Panner gave if the jury had decided that Adams is just not a credible witness and disregarded everything he said what did you have left we had a circumstantial evidence I know Garrett was shot Garrett testified we know someone attempted to rob him and then again we've got the circumstantial evidence from the detective and Misty Donde but you argue in your brief that even if there were error in denying immunity to Bowman it was harmless error how could it be harmless error because Bowers testimony could be used not only to impeach Adams credibility but also to this job did not carry or use a weapon at all well I think part of this goes back to context and judge Panner's ruling was that he didn't even get to should I force the government to choose between immunity and acquittal judge Panter said this wasn't even relevant and you need to keep in mind that the theory at trial for the defense was not that it was Adams the theory at trial was an alibi defense the defendant presented two witnesses who said that he was at his father's birthday party all night so in terms of it simply it was harmless for that reason because it didn't go to the defense which was an alibi it's certainly consistent with the alibi if strobes at a birthday party then and Garrett got shot and Adams testifies that he was there then Adams must have been the shooter that seems perfectly consistent to me or there was someone else I mean it doesn't necessarily mean that Adams was a shooter we know that there was at least one other person there that was right but it wouldn't but it's but it's not inconsistent with the theory that that the with the alibi theory that the defense is offered I wouldn't say it's inconsistent but it's different I mean the defendants position was I don't know who shot him because I wasn't there we also know from the entire trial record that Adams was subject to some pretty rigorous cross-examination I'd liken this to the confrontation clause case that this court decided not too long ago the United States versus Larson where when you have a mountain of evidence you have the trial court instructing the jury to view this this witnesses testimony with heightened caution you know that when Adams testifies he himself is not subject to any immunity for any of the home invasion robberies or the witness tampering and also if you take a look at the defendants closing argument to the Adams is a liar Adams is a liar you can't believe him well there was enough there for the jury to believe him he was corroborated by detective Hoskins and misfeed on day so without Adams what you have is somewhat at least one reliable witness well somewhat because the police know pretty reliable policeman overheard a phone call and that Stroud was planning a home invasion robbery of a week before this robbery and shooting took place and that's really it is that right well and then misty dawn days overhearing of the planning of the robbery that's what that's what I was talking about you got the policeman and misty dawn day and right and somebody else's I recall saying a week before Stroud was talking about how he was going to do a robbery but how he was going to rip off a dope dealer and that's it not they don't mention this dealer and nothing about shooting them just rip off some dope dealer in a week well a marijuana dealer and someone with about the same number of plants that mr. Garrett actually had so there was some additional factual consistency mother woman there sets it up and says right right so a David Adams was a very important witness there's no question at David Adams testified to these home immunity for any of the violent crimes you know David Adams admitted that he had been involved in so many home invasion style robberies that he'd hurt his knee he could no longer kick indoors you know he was not an ideal witness but I would submit that there was enough there that he was a credible witness at least for the points that form the basis for counts three and four he's got an occupational disability exactly yeah hard to submit a claim on that but yes unless there are any further questions I think judge Panner appropriately handled what was a difficult situation that arose during the trial and the conviction should be affirmed thank you so why didn't you why didn't you ask for immunity before the trial started you know that the record doesn't reveal why immunity wasn't requested prior to trial I don't know when you were not trial counsel no I don't know when trial counsel do we have any idea that that they didn't learn about Bowman's identity in the middle of trial right well there's nothing in the record that suggests that but that could have happened but he did but you just don't you don't know I don't know I don't know but the fact is that mr. Bowman would have directly contradicted mr. Adams on a key point and if the jury had believed that Adams was the shooter contradict him it's the Jeff it's the Jeff the possibility that Adams was the shooter and what I suggest the reason that this is so prejudicial and resulted in a distortion of the fact-finding process is this additional testimony could have been the tipping point such that the jury discredited Adams altogether and maybe even concluded that Straub was not there the only other evidence is our testimony from Misty gone day who participated in a conversation where everybody was smoking marijuana two years earlier and in this overheard conversation that officer Hoskins heard but the fact is it would have been cost-free to give immunity to mr. Bowman he was not under investigation he was not a co-conspirator it would have been cost-free to let him testify and give the jury that evidence and now mr. Straub has to sit in prison for ten extra years wondering what would have happened had mr. Bowman testified thank you counsel
judges: D.W. Nelson, Kleinfeld, Bybee